UNITED STATES of America,
Plaintiff–Appellee,

v.

Emmitt Lee GRANGER, Sr,
Defendant–Appellant.

No. 00–30344.
D.C. No. CR–98–00560–KI.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Emmitt Lee Granger appeals his 192 month sentence following his conviction by guilty plea to one count of manufacturing methamphetamine in violation of 21 U.S.C. 841(b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, we review the legality of a sentence de novo, *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir.1995), and we affirm.

Granger contends that because his indictment did not allege any drug quantity, the statutory maximum sentence was 20 years and accordingly his guideline sentence, based on a maximum term of life imprisonment, was calculated incorrectly under *Apprendi v. New Jersey*, 530 U.S.

466, 120 S.Ct. 2348, 147 L.Ed.2d 435, (9th Cir.2000). This contention lacks merit.

Relief is only available under *Apprendi* where a defendant receives a sentence that exceeds the lowest statutory maximum. *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.) *cert. denied*, —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). Because Granger received a sentence well under the statutory maximum for an unspecified amount of methamphetamine, *Apprendi* is not implicated. *See Saya*, 247 F.3d at 942 (finding harmless *Apprendi* error in calculation of career offender Guideline score). Further, *Apprendi* does not prevent a judge from making drug quantity findings for the purposes of applying the sentencing guidelines when the resulting sentence does not exceed the statutory maximum. *United States v. Johansson*, 249 F.3d 848, 861–62 (9th Cir. 2001).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.